## Carmichael, Appellant, *v.* The Governor *et al.*

In an action on a sheriff's bond for failure to pay over money, it is not necessary to aver in the declaration, that the chief justice of the county court had approved of the sureties and administered the oath, and if necessary, the omission can only be taken advantage of by demurrer, it being a defective statement of title, and not a defective title. The endorsement of the chief justice is merely evidence, that the law has been complied with.

The declaration should aver, that the money mentioned in the breach of the bond assigned was collected by the sheriff, during his continuance in office and under legal process.

Judgment against a sheriff on motion to pay over money, is not evidence in an action against the sureties on the sheriff's bond to establish the breach thereof, in failing to pay over the money.

APPEAL from the circuit court of Wilkinson county.

This was an action of debt, instituted by the governor of the state, at the instance of William Stamps, who sued for the use of the West Feliciana Rail Road Company, against the appellant, as one of the sureties in the sheriff's bond, of John Slade, sheriff of said county, for failing to pay over the proceeds of an execution, by him collected and returned satisfied.

Winchester, for the appellant.
Henderson and Boyd, *contra.*

Mr. Chief Justice Sharkey delivered the opinion of the court.

This action was instituted by the appellees against the appellant on a sheriff's bond, in which the appellant was surety for the sheriff. A demurrer was interposed to the declaration, which, it is agreed, was either sustained or confessed: the record shows no disposition of it. After the demurrer was sustained, the parties had leave to amend, and did amend, and the defendant failing to plead, judgment by default was taken, and damages assessed by a jury. It does not appear that an amendment was made in the declaration by the record, but this fact, also, is

[Carmichael, Appellant, *v.* The Governor *et al.*]

admitted by the agreement. At the execution of the writ of inquiry, the defendant appeared by counsel, and contested the admissibility of testimony, and requested the court to charge the jury, and being overruled, took his bill of exceptions, which discloses part of the ground relied on to reverse the judgment.

The case as it is presented by the record, stands with the declaration without amendment, and a demurrer thereto undisposed of, and a judgment by default, and inquiry of damages; it is only by the agreement, that we are informed that the demurrer was disposed of, and the declaration amended.

The first ground taken is, that the declaration is so wholl defective in the statement of a cause of action, that no judgment could be rendered. It is insisted, that it was necessary to aver in the declaration, that the chief justice of the county court had approved the sureties, and administered the oath. We do not think this was necessary, but if necessary, it was only such a defect as could have been taken advantage of by demurrer, being a defective statement of title, and not a defective title. Or if the proper endorsement never was made on the bond, and it was essentially necessary to its validity, a plea of *non est factum,* would have reached the defect: or if it were merely an escrow until the approval and endorsement of the chief justice, that fact might have been pleaded or given in evidence. When the sheriff has executed his bond with sureties who have been approved, he has done all that the law requires of him. The endorsement is to be made by the chief justice. Suppose he were to refuse to make the endorsement, although he approved the sureties, would the bond for that reason be void? Or would it be even voidable, and if so, would it lie with the sheriff or his sureties to avoid it? The liability of the sheriff and his sureties, arises from their own act in giving the bond, and the endorsement is merely evidence that the requisites of the law have been complied with. If the defect was even a good cause of demurrer, the first demurrer would not reach it, but a second should have been put into the amended declaration, and the defect is cured by the default and inquiry of damages, which are equivalent to verdict on issue joined.

It was also urged, that it should have been averred in the

declaration, that the money mentioned in the breach, was collected by the sheriff, during his continuance in office, under legal process.   This is undoubtedly true, because the condition of the bond covers nothing but money so collected, but we think the declaration contains sufficient averments in this respect.

The only remaining point arises out of the bill of exceptions. It appears, that a motion had been made against the sheriff, for failing to pay over the money for which this suit was brought, and judgment was rendered against him, on the motion for the amount collected, and damages.   Two breaches of the condition of the bond were assigned; the first, for the non-payment of the money collected on execution, and the second, for the non-payment of the amount of the judgment.   On the inquiry of damages, the plaintiff offered no other evidence to the jury, but the record of the judgment so recovered, which was objected to as insufficient, but the court overruled the objection.

Although there was judgment by default, the plaintiff was bound to prove the breaches and damages, the bond being merely inducement to the action, and not the foundation of it. Was the judgment against the sheriff sufficient for this purpose?

Judgments, when introduced to prove the mere fact that such a judgment was rendered, and the legal consequences, are evidence against every person; but when introduced to prove a fact, upon the supposed existence of which, the judgment was founded, they may or may not be admissible according to circumstances.   For the latter purpose, they are binding on parties and privies, but no one can be bound by a judgment, unless he be a party to the suit, or in privity with the party, or possess the power of making himself a party; for otherwise, he has not the power of protecting himself by cross-examining witnesses or introducing testimony.   1 Starkie on Evidence, 182 to 189. Where a party is not bound by a judgment, it cannot be evidence against him, to establish the fact on which it was rendered. This judgment could not have been introduced for the mere purpose of proving that such a judgment was rendered, because that fact was wholly immaterial in regard to the plaintiff's case, but it must have been introduced to prove the existence of the fact on which it was supposed to be founded, to wit; the collection of the

[Carmichael, Appellant, *v.* The Governor *et al.*]

money by the sheriff under an execution, and it, therefore, comes within the rule established by the authorities. Carmichael was no party to it, nor could he have made himself so, and had, therefore, no power to contest the recovery. The case of Carmack *et al. v.* The Commonwealth, for the use of Boggs, reported in 5 Binney, 184, is analogous in principle. A judgment in trover was recovered against the sheriff alone, and a *scire facias* was afterwards prosecuted against him and his sureties, on his official recognisance to recover the amount of the judgment. It was held that, although the sureties were liable in the original cause of action against the sheriff, yet that the judgment was not binding on them, nor evidence of the amount of damages, on the ground that they had nothing to do with the first suit. They were permitted to make their defence precisely as though the first suit had not been brought.

If the judgment was admissible in evidence, it was certainly conclusive, unless it was fraudulent; and the consequence would be, that Carmichael would be bound by a judgment to which he was no party, and had no opportunity of making defence, and which might have been different, if he had been permitted to defend. For these reasons, the judgment was improperly admitted as sufficient evidence to establish the breaches of the bond and amount of damages.

The judgment must be reversed and *venire de novo* awarded.